# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| KENYONDUS HUDSON, | * |
| Petitioner, | * |
| vs. | * |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

CASE NO. 1:05-CR-53 WLS
28 U.S.C. § 2255
CASE NO. 1:07-CV-102 WLS

## REPORT AND RECOMMENDATION

Petitioner Hudson was indicted in this court on December 7, 2005, for Distribution of More Than 50 Grams of Cocaine Base. Hudson was on state probation at the time of the commission of the cocaine offenses. Dougherty County Superior Court held a probation revocation hearing and revoked Hudson's state probation on August 4, 2006.

Prior to his state probation revocation, Hudson had entered into a Plea Agreement with the Government (R-23). He pleaded guilty to Count One of the Indictment on May 11, 2006, charging Possession With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(A)(iii). (R-24). Judgment of sentence of 212 months incarceration was entered on August 16, 2006. (R-32). Hudson filed no direct appeal, but did file a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on June 20, 2007 (R-35), together with a Memorandum In Support thereof on July 2, 2007 (R-39). The Government was ordered to file a response and did so on September 17, 2007. (R-43).

## Petitioner's § 2255 Claims

As his first Ground, Hudson alleges ineffective assistance of counsel, stating that:

On October 10, 2005, counsel was paid to represent movant but he failed to get a committal hearing or motion for discovery or motion to suppress. He had from 30 to 90 days to get a commital hearing from the date he took the case. Counsel told the State Bar (that) Movant was not entitled to a probable cause hearing because the Grand Jury had issued a Bill of Indictment. Counsel told the chief judge, he felt none was needed. Counsel (was) taken off the case. New counsel did not come to visit movant until one day before sentencing on Plea Hearing. The visit was May 18, 2006, Plea Hearing was May 19, 2006. Both counsel allowed time to run out causing Plea by movant.

In his Ground Two, Hudson alleges:

Conviction obtained by a Plea of Guilty which was unlawfully induced or made voluntarily (sic) with (sic) the understanding of the nature of the charges or consequence of Plea. Movant was arrested by State, Full Revocation hearing, Revoking the remaining of Probation. Appointed counsel was not present, out on leave to get married. Indigent Defense appointed substitute counsel to fill-in for appointed attorney. Movant asked several times for a continuance, stating substitute attorney was not prepared on a days notice. August 3, 2006, denied request for continuance. Substitute counsel was asked to step down, no defense, plead out. Probation was revoked without counsel being present, no defense or counsel is have.

Hudson alleges as his Ground Three that:

An error in applying an old version of guidlines in violation of sentence enhancement. In Movant's PSI Report there is only one felony drug charge. Movant was given three points, "one for simple Battery," "Eight (8) for driving with a suspended license," "three (3) fro driving without a license charge," "Twelve (12) points," plus two (2) years enhancement for running a drug unit. Movant was given points for misdemeanor charges.

As his Ground Four, Petitioner Hudson alleged that:

Conviction obtained by the use of evidence pursuant to unlawful arrest where the state did not provide a full and fair hearing on the merits of the Fourth Amendment. On 10/7/05 Lt. James Jackson received information from confidential reliable informants #2165, #2309 and #2404 that movant would be driving a small white chevrolet, "station wagon." Partial tag #1919. Rolling surveillance was set up on the

2

two addresses, Lt. Jackson sworn out a warrant that costs, participated in arrest, rilling surveillance evidence taken - three suspected Rock Cocaine Cookies. One (1) sandwich bag containing six (6) suspected Rock cocaine cookies, one (10 suspectred powdered cocaine. Movant's Sixth Amendment right was violated to the evidence above prescribed; total weight of evidence - 177.9 grams.

Hudson asks the Court in his Motion to "Reduce Movant's sentence from twenty (20) years to Six (6) or (10) years; any enhancement for misdemeanors, not heard by a jury."

## **The Plea Agreement**

On May 11, 2006, Petitioner Hudson appear with his attorney before District Judge Sands and presented his Plea Agreement for acceptance by the court. After full discussion with the Petitioner Hudson, the court accepted the Plea Agreement and accepted Hudson's guilty plea. (R-22).

The Plea Agreement at Section (1) provided:

> Defendant acknowledges that defendant has reviewed and discussed the indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

Section (2) of the Plea Agreement provided:

> The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. [a recitation of defendant's trial rights followed] The Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the service of defendant's attorney. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.
>
> The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light to the advisory Federal Sentencing Guidelines, as explained in *United States v. Booker,* 543 U.S. ___, 125 S.Ct. 738 (January 12, 2005). . . . So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant

3

expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

Section (3) of Defendant's Plea Agreement provides:

>(A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the indictment which charges defendant with Possession With Intent to Distribute in Excess of 50 grams of cocaine base, in violation of Title 21, United States Code Sections 841(a)(1) and 841 (b)(1)(A)(iii).
>(B) That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a minimum mandatory sentence of ten (10) years and a maximum sentence of life imprisonment.

Subparagraph (E) of Section (3) of Defendant's Plea Agreement provides:

>Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

Subparagraph (H) of Section (3) of Defendant's Plea Agreement provides:

>[O]nce this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentencd that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Thereafter, at Section (7) of Defendant's Plea Agreement, Petitioner Hudson states in detail the full extent of his culpability of the cocaine offenses charged in the indictment. He concludes by stating on page 16 of the Plea Agreement that:

>I, Kenyondus Hudson, have read this agreement and had this agreement rread to me by my attorney, RICK CALLUM. I have

4

discussed this agreement with my attorney and I fully understand it
and agree to its terms.

Petitioner Hudson and his Attorney initialed every page of the Plea Agreement and signed the "Acceptance of Plea Agreement" together with the AUSA at pages 15 and 16.

### Conclusions of Fact and Law

Petitioner Hudson was advised on January 18, 2006, when he was served with Notice of Estimated Sentencing Guideline, that the Guideline sentence range for the offense he stood accused of was 210 to 262 months imprisonment. (R-9). A Pre-Sentence Investigation was prepared and reported using the *Guidlines Manual* effective March 27, 2006, applicable to the time of Petitioner's offenses. (PSI, ¶ 18). There is no merit in Petitioner's claims that an "old version of the guidelines was applied." The PSI calculated Hudson's Advisory Guideline Sentencing Range to be 188 to 235 months. (PSI, ¶ 97). Petition Hudson forever waived any right to an appeal or other collateral review of his sentence in any court, except in the event that the District Court imposed a sentencd that exceeded the advisory guideline range. The 212 month sentence imposed by the District Court on August 16, 2006, after Petitioner's guilty plea, did not exceed the Guideline Sentencing Range. Therefore, according to the terms of Petitioner's waiver of appeal and collateral review, he does not have the right to appeal or collaterally attack his sentence. Hudson did not reserve any right to collaterally attack his sentence on the grounds of ineffective assistance of counsel. Moreover, all of his claims of ineffective assistance of counsel as to his federal conviction and sentence are contrary to his sworn statements contained in his Plea Agreement submitted to the District Court. Petitioner Hudson should not be allowed to avoid the admissions and acknowledgments made to the District Court now in this § 22255 proceeding, nor be allowed to raise conflicting statements now about the

5

services of his plea attorney.

The United States Court of Appeals for the Eleventh Circuit has "consistently enforced knowing and voluntary appeal waivers according to their terms. *See United States v. Brown,* 415 F.3d 1257, 1272 (11th Cir. 2005); *United States v. Frye,* 402 F.3d 1123, 1129 (11th Cir. 2005); *Williams v. United States,* 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Rubio,* 396 F.3d 1330, 1335 (11th Cir. 2005)." *United States v. Bascom,* 451 F.3d 1292, 1294 (11th Cir. 2006).

As to Hudson's complaints with his State Probation Revocation proceedings or any procedure in Dougherty Superior Court prior to this court assuming jurisdiction of this case. Hudson must pursue any remedy he may have in State Court in regard to those cases. The State Court did not prosecute Petitioner on the charge for which he now stands convicted and sentenced in this court. The State Court's only related action was to revoke Hudson's state probation for other offenses and Hudson state claims are not cognizable in this court.

Although Petitioner Hudson has waived all right to collaterally attack his sentence, he alleges in this § 2255 Motion that his criminal history category was incorrectly calculated because he was given points for his past misdemeanor convictions. A review of the PSI Criminal History enumeration shows at ¶ 39 that Hudson was given 1 criminal history point for a Simply Battery conviction in Dougherty County State Court, Case # 96SR1480 on February 16, 1996. The record shows that he was sentenced to 12 months probation, 28 days of which were revoked and served. This point was authorized under U.S.S.G. § 4A1.1(c) in Petitioner's Criminal History Category assessment, and is correctly calculated.

At ¶ 41 of Petitioner's Criminal History Category assessment in his PSI, he was given 2 points for Obstruction, Reckless Driving, Driving Without a License, and Reckless Conduct in Dougherty

County State Court Case #96SR4142 for which he was sentenced to 12 months probation, consecutive as to each count, 6 months of which were revoked and served. These points were properly authorized under U.S.S.G. § 4A1.1(b) and U.S.S.G. § 4A1.2(k).

At ¶ 45 of Petitioner's Criminal History Category assessment in his PSI, Hudson was given 2 points for Driving without License in Dougherty County State Court Case #3959 for which he was sentenced to 12 months probation, 6 months of which were revoked and served. These points were also properly authorized under U.S.S.G. § 4A1.1(b) and U.S.S.G. § 4A1.2(k).

At ¶ 47 of Petitioner's Criminal History Category assessment in his PSI, he was given 2 points for Driving without License in Dougherty County State Court Case #98SR8173 for which he was sentenced to 12 months probation 33 days of which were revoked and served. These points were also authorized under U.S.S.G. § 4A1.1(b) and U.S.S.G. § 4A1.2(k).

At ¶ 49 of Petitioner's Criminal History Category assessment in his PSI, he was given 2 points for Driving with a Suspended License in Dougherty County State Court Case #98SR8464 for which he was sentenced to 12 months probation after service of 30 days with an additional 33 revoked and served. These points were also authorized under U.S.S.G. § 4A1.1(b) and U.S.S.G. § 4A1.2(k).

At ¶ 51 of Petitioner's Criminal History Category assessment in his PSI, he was given 2 points for Reckless Driving in Dougherty County State Court in Case #98SR10735 for which he was sentenced to 12 months probation after service of 30 days with an additional 33 days revoked and served. These points were also authorized under U.S.S.G. § 4A1.1(b) and U.S.S.G. § 4A1.2(k).

There is no merit in Petitioner Hudson's claim that his criminal history category was incorrectly calculated because he was given points for his past misdemeanor convictions. Petitioner's

Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 fails to state a valid claim of the violation of any right upon which this court may grant relief.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion to Vacate or reduced his sentence be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of October 2007.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE